IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) | No. 10 C 6145 |
| v. | ) ) | Judge Robert W. Gettleman |
| RICHARD DEAN CARTER, | ) ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the court on the motion by plaintiff, United States Securities and Exchange Commission ("SEC") to impose a civil penalty against defendant Richard Dean Carter ("Carter"). The matter has been fully briefed, and the court conducted an evidentiary hearing on September 25, 2012, at which Carter was the only witness.

The SEC's complaint alleged that Carter, as President and CEO of High Velocity Alternative Energy Corporation ("High Velocity"), participated in a false press releases that inflated the value of High Velocity stock, in violation of § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 promulgated thereunder (17 CFR § 240.10b-5). Carter entered into a Consent Decree with the SEC in April 2012, in which he neither admitted nor denied liability, but stipulated that the allegations in the complaint could be accepted as true by this court.

Thereafter the SEC filed the instant motion to impose the maximum civil penalty against Carter under § 21(b)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The statute establishes three tiers, the latter two of which are applicable to this case: no greater than $65,000 for "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement"; and no

greater than $130,000 for "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement . . . <u>and</u> such violation directly or indirectly resulted in substantial loses or created a significant risk of substantial losses to other persons."  (Emphasis added.)

 The decision to impose a civil penalty is discretionary, and must be made in light of the facts and circumstances of the case.  15 U.S.C. § 77t(d); 78u(d)(3)(B); <u>see</u> <u>SEC v. Black</u>, 2009 WL 1181480, *5 (N.D. Ill. 2009).  Factors for the court to consider include: the egregiousness of the violations; defendant's intent; whether the violations were recurring; whether defendant has admitted wrongdoing; the losses or risk of losses caused by defendant's conduct; any cooperation defendant provided to enforcement authorities; and the imposition of other remedies or penalties.  <u>Id.</u>, *5.  Some courts also consider whether the penalty should be reduced "due to the defendant's demonstrated current and future financial condition."  <u>SEC v. Opulentica, LLC</u>, 479 F. Supp.2d 319, 331 (S.D.N.Y. 2007).

 The SEC contends that the court should impose the maximum third tier fine because, as admitted by defendant Carter, his conduct was either deliberate or reckless, and presumably resulted in substantial losses to the shareholders of High Velocity.  Carter, in response, claims that he had  been installed as the President and CEO of High Velocity shortly before the press release was drafted by the company's attorney, and was reckless in disregarding the false statements contained in the press releases.  He admits that others, including his own family, were harmed by the demise of High Velocity that occurred shortly after the fraudulent press releases were issued.  Carter claims that although High Velocity was doing business with the two customers that the press releases touted as having executed large contracts with High Velocity, he clearly should have known that such contracts did not exist.  The announcement of these

contracts, one for $30 million and the other for $1 million, resulted in inflated prices for the shares of High Velocity stock until the fraud was discovered, after which the stock declined and the company eventually filed for bankruptcy. During the period the stock price had increased, Carter attempted to sell a large number of the High Velocity shares he owned.

The SEC also bolsters its argument for the maximum penalty by pointing out that Carter is what it terms a "recidivist violator of the federal securities laws and the rules and regulations relating to the federal securities laws," resulting from a censure and $25,000 fine against him in 2000 (along with other disciplinary actions) for failure to provide a risk disclosure document or follow procedures for a penny stock purchase (along with other violations), and a disciplinary matter in 2006 in which Carter was banned from associating with any NASD member (along with associated sanctions) for yet other violations. Neither Carter's testimony nor his submissions address these previous securities violations. Carter does, however, sincerely express remorse for his allowing the press releases regarding High Velocity to be issued in 2008.

The court has considered the entire record in this case, and has determined to impose a fine of $100,000. As mentioned above, Carter has accepted responsibility in this matter, although he denies that his conduct was deliberate. Instead, he agrees that he recklessly disregarded the falsity of the press releases, with serious financial consequences to himself, his family and others. According to his uncontested affidavit, he has lost his ability to earn any type of substantial income and is struggling financially at this time. Although the court generally agrees with the SEC that the criteria for a maximum fine has been established, it is exercising its discretion to impose a slightly more modest fine in light of defendant Carter's family and

financial circumstances. In the court's view, a fine of $100,000 sufficiently reflects the seriousness of Mr. Carter's conduct and stands as a deterrent to him and others in his position.

For these reasons, the court grants the motion of plaintiff SEC (Doc.48), and imposes a fine against defendant Richard Dean Carter of $100,000.


**ENTER:** **October 1, 2012**

**Robert W. Gettleman**
**United States District Judge**